# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| RAMONA G. HUTCHINSON | § | |
| | § | |
| v. | § | NO. 1:11-CV-65 |
| | § | |
| TEXAS HISTORICAL COMMISSION | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this Title VII case to the Honorable Earl S. Hines, United States magistrate judge, for pretrial proceedings pursuant to General Order 05-07. On August 8, 2011, this matter was reassigned to United States Magistrate Judge Zack Hawthorn. The court has received and considered the report (Docket No. 9) of the United States magistrate judge, who recommends that the court transfer this matter to the San Antonio Division of the Western District of Texas for the convenience of parties and witnesses, in the interest of justice.

Plaintiff, proceeding *pro se*, filed a response (Docket No. 11) to the magistrate judge's report and recommendation. The response challenges the magistrate judge's balancing of the relevant private and public interest factors in determining whether transfer is clearly more convenient for the parties and witnesses. The court construes Plaintiff's response as timely filed objections to the report and recommendation. These objections require a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

Having considered the magistrate judge's report and conducted a de novo review of Plaintiff's objections, the court finds that Plaintiff's objections are not meritorious. Plaintiff

acknowledges that her only connection to Beaumont, Texas, is that she moved there after her employment was terminated by Defendant, but argues that it is unfair to require her to try her case in the Western District of Texas, which is the district encompassing her former place of employment. As discussed by the magistrate judge, Plaintiff has no significant connection to the Eastern District of Texas, which weighs in favor of transfer. See In re Volkswagen of Am., Inc., 545 F.3d 304, 315, 317-18 (5th Cir. 2008) (en banc) ("Volkswagen II").

Plaintiff also objects to the magistrate judge's recommendation that the cost of attendance for willing witnesses is a neutral factor in this matter. Plaintiff suggests that Defendant requires its employees to travel for work-related reasons, and therefore, this factor weighs in favor of Plaintiff. Plaintiff's argument fails to distinguish work-related travel from travel related to litigation with a former employee. Moreover, neither party has identified non-party witnesses who will be called to testify. Thus, the cost of attendance for willing witnesses is a neutral factor because the court is unable to ascertain which party would suffer a greater inconvenience by trying this case in the district that the opposing party prefers. See Safety-Kleen Sys., Inc. v. McCoy Freightliner, Inc., No. 4:10-CV-608, 2011 WL 2009958, at *5-6 (E.D. Tex. April 11, 2011).

Moreover, in light of Plaintiff's response to the magistrate judge's report and recommendation, the above factor may actually weigh in favor of transfer. In her response, Plaintiff averred that Defendant's violation of her civil rights had a negative impact on the Castroville community. (Pl.'s Resp. 3, Docket No. 11.) This statement suggests that Plaintiff intends to call non-party witnesses in the Castroville area. In that event, transfer to the Western District of Texas would be more convenient for those witnesses.

Finally, Plaintiff objects to the magistrate judge's recommendation that the majority of the physical evidence in this case is located in the Western District of Texas. Plaintiff asserts that this factor is neutral because she will seek such evidence through an Open Records request. Nonetheless, the conduct at issue occurred in Castroville, Texas, where Plaintiff was employed, or in Austin, Texas, where Defendant is headquartered. The relevant physical evidence is likely to be located (and more easily accessed) in these places, which are served by the Western District of Texas. Accordingly, this factor weighs in favor of transfer. See Volkswagen II, 545 F.3d at 316.

For these reasons, the court concludes that the findings of fact and conclusions of law of the magistrate judge are correct. Plaintiff's objections are **OVERRULED**, and the report of the magistrate judge is **ADOPTED**. This matter shall be transferred to the San Antonio Division of the Western District of Texas.

**SIGNED** this the **12** day of **December, 2011.**

_____
Thad Heartfield
United States District Judge